IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:12-CR-243-02

**v.**

**ELIJAH ULYSSES BROWN, JR.** :

# **M E M O R A N D U M**

## **I.**     **Background**

Defendant Brown has twice written this court to request substitution of his court appointed attorney (Docs. 89 & 91.) He claims there is a conflict of interest between him and his counsel. An *ex parte* hearing was held on March 25, 2013 to hear his allegations.

Brown asserted that counsel has (1) failed to give information concerning his case to his family members; (2) failed to file a motion to suppress; (3) was cooperating with the government; and (4) failed to request a bail hearing. The Third Circuit Court of Appeals has made clear that the Sixth Amendment guarantee of effective assistance of counsel includes two correlative rights: "The right to adequate representation by an attorney of reasonable competence, and the right to the attorney's undivided loyalty free of conflict of interest." *United States v. Moscony*, 927 F.3d 742, 748 (3d Cir. 1991) (citations omitted). The Third Circuit Court of Appeals has also held:

> In order to establish an actual conflict the petitioner must show two elements. First, he must demonstrate that some plausible alternative defense strategy or tactic might have been pursued. He need not show that the defense would necessarily have been successful if it had been used, but that it possessed sufficient substance to be a viable alternative. Second, he must establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.

*United States v. Gambino*, 864 F.2d 1064, 1070 (citing *United States v. Fahey*, 769 F.2d 829, 836 (1st Cir. 1985). With the above standard in mind, the court will address Brown's claims.

## II. Discussion

### A. Failure to Provide Case Information to Family Members

Brown claims that information about his case should be given to his family so that they may assert his right through them for a suppression hearing. Brown cites *Hollingsworth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1998), in support of his contention.

In *Hollingsworth*, the plaintiff asserted a § 1983 claim against a sheriff and deputy who were involved with the removal of plaintiff's children, an eight-month-old and a two-year-old, from a motel room. The children were removed as a result of an improper interpretation of a protection from domestic abuse act order. *Id*. at 736. While the court recognized that parents may assert their children's Fourth Amendment rights on behalf of their children, it granted summary judgment on the basis that (1) the children were not named as plaintiffs in the action, and (2) the defendants were entitled to qualified immunity due, in part, to the deputy's reliance

on advice of the assistant district attorney. This case does not stand for the proposition for which it was cited.

### B. Failure to File a Motion to Suppress

It is Brown's contention that the consent by his mother to a warrantless search of her premises was obtained under duress. Brown claims that his mother was kept outside her home for an hour and one-half and threatened that if she did not consent to a search, a search warrant would be obtained.

In *United States v. Ivy*, 165 F.3d 397 (6th Cir. 1998), the Sixth Circuit Court of Appeals held that the totality of the evidence established that the defendant's consent was a product of coercion. *Id.* at 402. The court concluded that several factors weighed in favor of its finding. First, Ivy was being detained by police at the time of questioning. *Id.* This detention lasted approximately one and one-half hours, but was part of a larger police interaction that spanned seven to eight hours. Ivy's detention was coupled with threats that if he did not sign a consent form, he and his girlfriend would be taken to jail and his child would be placed in governmental protective custody. *Id.* The level of coercion was heightened when police handcuffed Ivy's girlfriend to the kitchen table and repeatedly threatened to take her child away from her. *Id.* at 399. the court held that the officer's explicit threats concerning Ivy's small child were improper, and concluded that Ivy's consent was a product of the threats to arrest his girlfriend and take his child, his girlfriend being shackled to the table, the child being removed from its mother's arms, and the repeated police solicitations for consent, all of which tainted the voluntariness of the consent given by Ivy. *Id.* at 403-04. The court, however, held that a threat to obtain a search warrant alone was not coercive. *Id.* at 403.

Furthermore, voluntary consent of any joint occupant of a residence to a search of a jointly occupied premises is valid against the co-occupant, permitting evidence discovered in the search to be used against the co-occupant at a criminal trial. *United States v. Matlock*, 415 U.S. 164, 169 (1973). There is no legal foundation for the filing of a suppression motion in the case before this court.

### C. Counsel's Cooperation With the Government

Brown claims that he feels counsel is cooperating with the government because Brown refused to cooperate with the government. he does not state how his counsel is cooperating with the government. Brown cites *United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982), in support of his request for new counsel.

In *Welty*, the defendant requested an opportunity to retain new counsel, or, in the alternative, to represent himself. Welty was represented by an assistant public defender. The district court denied Welty's request for substitute counsel and gave him a choice between continuing with his assigned counsel or proceeding *pro se*. The Third Circuit reversed, finding the district court's failure to make any real inquiry into whether "the reasons for the defendant's request for substitute counsel constitute good cause and are thus sufficiently substantial to justify a continuance of the trial in order to allow new counsel to be obtained. *Welty*, 674 F.2d at 187. Thus, the reversal was on the district court's failure to inquire.

In the instant case, this court held a hearing and had Brown place on the record his reasons for wanting current counsel replaced. Thus, Brown is not automatically entitled to relief under *Welty*.

Certain actions of counsel belie that he is cooperating with the government. At the trial of Brown's co-defendant, a hearing was held out of the

4

hearing of the jury as to whether Brown would testify or plead the protection of the Fifth Amendment if called as a witness by the government. Brown's counsel was present at this hearing. As the government asked certain questions of Brown, counsel, on behalf of Brown, advised him to plead the Fifth Amendment. This advice by counsel is one act by defense counsel that negates Brown's accusation that counsel was cooperating with the government.

At the March 25, 2013 *ex parte* hearing, counsel advised that he met with Brown at the Dauphin County Prison on the following dates: October 15, 2012, November 5, 2012, November 14, 2012, December 17, 2012, January 29, 2013, February 13, 2013, February 28, 2013, March 4, 2013, and March 19, 2013. In addition, counsel reports that they met two additional times – once at the ATF Office and once at the U.S. Attorney's Office. (Letter from Attorney Dean Reynosa, March 25, 2013, Doc. 107.) This is not the action of a counsel who shows no interest in his client's case or that he is cooperating with the government.

### D. Failure to Request a Bail Hearing

A detention hearing was held before a United States Magistrate Judge on October 1, 2012. Defendant was represented at that time by stand-by counsel. At that hearing, the Government outlined the basis for detention: (1) the defendant is charged with an offense involving a felon in possession of a firearm and possession of stolen firearms; (2) the offense is subject to a maximum term of imprisonment of ten years; (3) a period of not more than five years elapsed since the date of the defendant's last conviction or release from imprisonment; and (4) the defendant was a risk of flight and a danger to the community. At the *ex parte* hearing held March

25, 2013, Brown presented no argument to rebut this presumption.  Counsel is not obligated to present a motion that has no substance or is not likely to be granted.

**III.       Conclusion**

The problem between counsel and his client is dissatisfaction by a client who insists that his counsel file motions which counsel considers frivolous and which this court has found to be frivolous.  As a result of counsel not following Brown's bidding, Brown has threatened to refuse to speak to his counsel.  At the conclusion of the *ex parte* hearing, Brown said emphatically that if counsel were not substituted, he would not under any circumstances speak with Mr. Reynosa.  Thus, any further alleged breakdown of communication will be at the fault of Brown.  Brown has shown no good cause for the substitution of counsel.

The Government has been granted a postponement of the trial until May 6, 2013.  That is sufficient time for counsel and the defendant to finalize their defense for trial.  If Brown persists in not communicating with counsel, he can represent himself.  *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995).  In that event, counsel will be requested to act as stand-by counsel.  Brown shall advise the court as to whether he will cooperate with current counsel or chose to represent himself.  An appropriate order will be issued.

                                                   s/Sylvia H. Rambo
                                        United States District Judge

Dated:  March 27, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:12-CR-243-02
:
**v.** :
:
**ELIJAH ULYSSES BROWN, JR.** :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendant's requests for substitution of counsel (Docs. 89 and 91) are **DENIED**.

2) No later than April 5, 2013, Brown shall notify this court as to whether he will accept attorney Reynosa's continued representation or proceed *pro se*.

3) The Clerk of Court shall mail a copy of this memorandum and order to the defendant.

                                                        s/Sylvia H. Rambo
                                                        United States District Judge

Dated: March 27, 2013.