IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CRIM. NO. 1:12-CR-0243-02
:
v. :
: **JUDGE SYLVIA H. RAMBO**
**ELIJAH U. BROWN, JR.** :

## **MEMORANDUM**

In this criminal case, Defendant was charged with two counts related to his alleged possession of a firearm in the Middle District of Pennsylvania. (Doc. 1.)[1] Presently before the court is Defendant's motion to bifurcate trial, in which he seeks bifurcation of his criminal trial into two phases. For the reasons stated herein, Defendant's motion to bifurcate will be granted.

**I.**     **Background**

On September 26, 2012, Elijah U. Brown ("Defendant") and Carlos C. Hill ("Hill") were each charged with two counts related to an incident involving their alleged possession of an unlawful handgun. (*See* Doc. 1.) Although the indictment jointly charged both Defendant and Hill, the court granted Hill's motion to sever Defendants for trial, to which neither Defendant nor the Government opposed. (*See* Doc. 58.) Following a conference call held on February 22, 2013, with Meredith A. Taylor, Esquire, on behalf of the Government, Thomas A. Thornton, Esquire, on

---

[1] The two counts contained in the September 26, 2012 indictment are as follows: (1) Count 1- possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e); and (2) Count 2- possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Doc. 1.)

behalf of Hill, and Dean E. Reynosa, Esquire, on behalf of Defendant, the court granted the Government's motion to continue trial (Doc. 60), to which Defendant took no position (Doc. 54 at ¶ 7), and scheduled jury selection to commence at 9:30 a.m., on April 1, 2013 (Doc. 60).

On March 21, 2013, Defendant filed the instant motion for bifurcation (Doc. 97) and brief in support (Doc. 98), which is opposed by the Government (Doc. 105.) Defendant maintains that his trial should be bifurcated, inasmuch as he requests that the jury first hear evidence regarding his alleged possession of the stolen firearm charged in the indictment, namely a Ruger, model P95DC, 9mm pistol, serial number 311-07785. If the jury finds that he possessed the firearm in question, evidence could then be presented concerning his prior felony record for the purpose of the felon in possession charge. Defendant contends that, "[a]bsent a bifurcat[ed] trial, the jury in [this] case will learn of [Defendant's] alleged[2] prior conviction even if [Defendant] exercises his constitutional right not to testify," which "generates a risk that the jury will conclude that [he] may be more likely to commit the instant offense because he has previously been convicted." (Doc. 97 at ¶¶ 4, 6.) The Government contends that bifurcation is inappropriate in this case, arguing in opposition that Defendant's prior conviction tends to establish that Defendant had

---

[2] The court notes that the Government has proposed the following stipulation regarding Defendant's prior conviction that is "expressed in language that involves the most minimal prejudic[e] to [Defendant]":

> Prior to July 13, 2012, Defendant Elijah U. Brown, Jr.[,] had been convicted in a court in the Commonwealth of Pennsylvania of a felony crime, punishable by imprisonment for a term exceeding one year, within the meaning of Title 18, United States Code, Sections 922(g)(1) and 924(e).

(Doc. 105 at ¶ 9.) As of the date of this Memorandum and Order, the stipulation has not yet been accepted by Defendant.

knowledge that the firearm set forth in the indictment was stolen. (*See* Doc. 105 at ¶ 8.) The Government reasons that Defendant's prior conviction prevented him from obtaining a firearm legally, "which is critical evidence that a jury should consider in determining that [Defendant] knew or had reasonable cause to believe the firearm was stolen." (*Id.*) For the reasons discussed below, the court will grant Defendant's motion.

## II.    **Legal Standard**

Bifurcation in a criminal case may be appropriate to address the concern that introducing evidence of a defendant's criminal record in order to prove a felon in possession charge may prejudice him during the jury's deliberation on the other counts. *See United States v. Joshua*, 976 F.2d 844, 848 (3d Cir. 1992) (abrogated on other grounds by *Stinson v. United States*, 508 U.S. 36 (1993)); *see also United States v. Williams*, Nos. 11-1448, 11-1864, 2012 WL 5839062, *1 (3d Cir. Nov. 19, 2012) (approving district court's use of a bifurcated procedure in trial for conspiracy to distribute narcotics and possession of a firearm by a felon where evidence of the defendant's prior conviction was not introduced until after jury considered the conspiracy charge); *United States v. McCode*, 317 F. App'x 207, 212 (3d Cir. 2009) (approving bifurcation of felon in possession counts from robbery related counts). It is within the trial court's discretion to sever a latter charge involving a prior conviction in order to mitigate prejudice to the defendant during the jury's consideration of the other charges. *See United States v. Lashley*, Crim. No. 09-CR-0307, 2011 WL 5237291, *11-12 (E.D. Pa. Nov. 3, 2011) (citing *Joshua*, 976 F.2d at 847).

**III.     Discussion**

Defendant is charged at Count One of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g), and at Count Two of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j). To obtain a conviction under Section 922(g), the government must prove beyond a reasonable doubt that: (1) the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed the firearm; and (3) the firearm had previously passed in interstate commerce. 18 U.S.C. § 922(g); *see also United States v. Higdon*, 638 F.3d 233, 239-40 (3d Cir. 2011); *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). To obtain a conviction under Section 922(j), the government must prove beyond a reasonable doubt that: (1) the defendant knowingly possessed a firearm; (2) the defendant knew or had reasonable cause to believe the firearm was stolen; and (3) the firearm had previously passed in interstate commerce. 18 U.S.C. § 922(j); *see also United States v. Tyson*, 653 F.3d 192, 203 n. 15 (3d Cir. 2011).

The first element under Section 922(g) is that the defendant is a convicted felon. "Evidence that the defendant is a convicted felon tends to prejudice the defendant, generating a risk that the jury will conclude that the defendant is more likely to have committed the offense(s) for which the defendant is on trial simply because the defendant has previously been convicted." Third Circuit Model Jury Instructions § 6.18.922G-1 cmt ("[I]f the felon in possession charge . . . is joined with other charges, the court should strongly consider bifurcating the trial."). Despite this risk of prejudice, the government must be allowed to prove the felony conviction at some point, and it is error for the trial court to refuse to allow the jury

to learn that the defendant is a convicted felon. *See Higdon*, 638 F.3d at 244 (issuing writ of mandamus directing trial court to allow prosecution to present stipulation that defendant had been convicted of a felony to the jury despite risk of prejudice, where defendant was charged with only two counts of being a felon in possession of a firearm).

Bifurcation may be appropriate to address the concern that introducing evidence of a defendant's criminal record in order to prove a felon in possession charge may prejudice him during the jury's deliberation on the other counts. *See Joshua*, 976 F.2d at 848; *but see United States v. Jacobs*, 44 F.3d 1219 (3d Cir. 1995) (rejecting argument that prior conviction element in single-count indictment for felon in possession should be bifurcated); *United States v. Staples*, Crim. No. 05-CR-0390, 2006 WL 1310889, *2 (M.D. Pa. May 11, 2006) (holding bifurcation inappropriate where the defendant was charged only with multiple counts of 18 U.S.C. § 922(g)). In *Joshua*, the defendant was charged with armed bank robbery, weapons charges in connection with the bank robbery, and possession of a firearm by a convicted felon. *See Joshua*, 976 F.2d at 848. The defendant moved to sever the felon in possession count from the remaining counts for trial, fearing that the evidence of his prior criminal conviction might unfairly influence the jury's decision on the other counts. *See id.* at 845. The district court denied the defendant's motion to sever, but ordered a bifurcated trial during which the jury first heard evidence and deliberated concerning the robbery-related counts, and then heard evidence of the defendant's criminal record and deliberated concerning the felon in possession count. *Id.* at 848. The Third Circuit determined that this procedure employed by the district court "[struck] an appropriate balance between the concern about prejudice to the

defendant and considerations of judicial economy," and was well within the district court's discretion. *Id.*

Here, bifurcation is permissible because defendant is charged with two separate possessory[3] offenses: namely being a felon in possession of a firearm (Count One), as well as being in possession of a stolen firearm (Count Two). *See Joshua*, 976 F.2d at 846; *Staples*, 2006 WL 1310889 at *1-2; *but see Higdon*, 638 F.3d at 244 (noting the court's rejection of bifurcating evidence establishing the defendant's prior conviction where the defendant was only charged with violating 18 U.S.C. 922(g)). Notably, the fact that Defendant was previously convicted of a felony is not directly relevant to the charge at Count Two of the indictment. Accordingly, introduction of Defendant's prior conviction has the potential to cause the exact type of prejudice which the Third Circuit model jury instructions contemplate.

The Government argues that Defendant's prior conviction is relevant to the charge at Count 2 inasmuch as the jury can infer that Defendant knew the firearm was stolen because Defendant was prohibited from obtaining a firearm through lawful means. A similar argument was advanced by the government, and rejected by the district court, in *United States v. Lashley*, 2011 WL 5237291 at *11. In *Lashley*, the defendant was charged with two offenses related to his illegal transportation of

---

[3] The Government argues that the facts of the instant matter are distinguished from those in *Joshua*, in which the court granted bifurcation where the defendant was charged with a both possessory and substantive offense, and *Jacobs*, in which the court denied bifurcation where the defendant was charged with multiple counts of the same possessory offense. (*See* Doc. 105 at ¶ 6.) Because the prior conviction is not an element of both charges, the court concludes that this matter is more akin to that presented in *Joshua*. That Defendant is charged with two possessory offenses, as compared to a possessory and substantive offense, is, for purposes of the instant motion, a distinction without consequence.

6

firearms across state lines: namely being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), as well as illegally transporting firearms, in violation of 18 U.S.C. § 922(a)(3).[4] The defendant moved to bifurcate the felon in possession charge on the basis that bifurcation would "mitigate prejudice to the defendant during the jury's consideration of the [illegal transportation charge]." *Id*. at *12. In response, the government argued that the defendant's prior conviction was admissible in its case-in-chief concerning the illegal transportation charge as "proof of motive," reasoning that the defendant "obtained guns through straw purchases in South Carolina because his prior conviction would have prevented him from obtaining a license to buy guns legally." *Id*. The court was not convinced. Holding that bifurcation of the charges was appropriate, the court reasoned that the defendant's prior conviction barred him from obtaining a firearm under any circumstance. *See id.* Thus, the court held the defendant's prior conviction was "just as probative of why he might illegally obtain a gun in-state . . . as it [was] why he might transport or receive a gun obtained from out-of-state." *Id.* In short, the court held the probative value was "substantially outweighed by the degree to which it would prejudice [the defendant] in front of the jury." *Id*.

       The court finds the *Lashley* court's reasoning persuasive. In the matter *sub judice*, pursuant to Section 922(g), Defendant's prior conviction bars his

---

[4] Section 922(a)(3) makes it unlawful for "any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in State where he resides . . . any firearm purchased or otherwise obtained by such person outside the state." 18 U.S.C. § 922(a)(3). Thus, the government must prove the following two elements to secure a guilty verdict: "(1) [that] the defendant was not licenced to deal, import, manufacture, or collect firearms; and (2) [that] the defendant willfully transported into (or received in) the state in which the defendant resided a firearm that the defendant purchased or otherwise obtained outside that state." *Lashley*, 2011 WL 5237291 at *12.

possession of *any* firearm, regardless of whether the firearm in question was stolen. The critical element as to Count Two is Defendant's knowledge as to the stolen-nature of the firearm. Defendant's prior conviction makes illegal his possession of *any* firearm and is just as probative of why he might illegally possess a *non-stolen firearm*–which *would not* violate Section 922(j)–as it is why he might illegally possess a *stolen firearm*–which *would* violate Section 922(j). Under the circumstances, the court concludes that the probative value of admitting the prior conviction with respect to Count Two is outweighed by the degree to which it would prejudice Defendant in front of the jury. For these reasons, the court finds it appropriate to bifurcate the trial such that the jury first will hear evidence related to Count Two and, after reaching a verdict on that Count, will thereafter hear evidence concerning Count One.

**IV.      Conclusion**

For the foregoing reasons, the court finds that the Government's introduction of Defendant's prior felony convictions would be unduly prejudicial to Defendant's trial on his possession of a stolen firearm. In light of this, and upon consideration of the Third Circuit's recommendation that a court "strongly consider" bifurcation where a felon in possession charge is joined with other charges, *see* <u>Third Circuit Criminal Jury Instructions</u>, § 6.18.922G-1, Defendant's motion to bifurcate will be granted.

An appropriate order will issue.

                                                             s/Sylvia H. Rambo
                                                      United States District Judge

Dated: March 28, 2013.