IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED  STATES  OF  AMERICA** | : | **CRIM.  NO.  1:12-CR-0243-02** |
| | : | |
| **v.** | : | |
| | : | **JUDGE  SYLVIA  H.  RAMBO** |
| | : | |
| **ELIJAH U. BROWN,  JR.** | : | |

## M E M O R A N D U M

Before the court is a motion by Defendant, Elijah U. Brown, Jr.,
requesting the court to grant his pretrial release (Doc. 112), which is opposed by the
Government.  After careful consideration of the background of this matter, the
motion will be denied.

## I. Background

On September 26, 2012, Carlos C. Hill ("Hill") and Elijah U. Brown,
Jr., ("Defendant") were each charged in the same indictment with two offenses
related to the alleged possession of an unlawful firearm, in violation of 18 U.S.C. §§
922(g) and 924(e) and 18 U.S.C. §§ 922(j) and 924(a)(2).[1]  Following Defendant's
entry of a not guilty plea on October 1, 2012, the Government filed a motion
requesting the pretrial detention of Defendant.  (Doc. 12.)  In the motion, the
Government asserted several bases in support of its request for bail, including, *inter
alia*, an enhanced risk of flight and danger to the community.  (*Id.*)  The motion was
granted by Chief Magistrate Judge Carlson on October 1, 2012.  (Doc. 17.)

---

[1]    The defendants were severed for trial by order dated February 22, 2013.
(Doc. 56.)

On April 5, 2013, Defendant filed a document titled "Motion to Review and Revoke Pretrial Detention Order," in which he requested the court modify the pretrial detention order to permit his release pending trial. (Doc. 112.) The court held a hearing on Defendant's motion on April 16, 2013, at which Meredith Taylor, Esquire, appeared on behalf of the Government, and Defendant represented himself *pro se*, with Dean Reynosa, Esquire, acting as standby counsel.

At the hearing, Defendant testified on his own behalf and presented argument in support of his request. It was apparent that the gravamen of his request related to the fact that he was detained on the federal charges but was granted pretrial release on the related state charges. In support of his position, Defendant argued that he remains presumed innocent and that the there are less-restrictive pretrial conditions that can be imposed to secure his appearance. For the following reasons, the court rejects Defendant's arguments and will deny his motion.

## II.        Discussion

Defendant's request for pretrial release implicates all of the factors enumerated in 18 U.S.C. § 3142(g). Initially, it must be noted that Defendant is presently charged with a felony and has been convicted of at least two offenses that qualify under Section 3142(f)(1)(D), and that his most recent conviction preceding the instant offense was on January 15, 2012, less than five years prior. Moreover, if convicted, Defendant faces a maximum possible sentence of life imprisonment. Accordingly, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *See* 18 U.S.C. §3142(e)(2).

In determining whether the pretrial conditions of release will reasonably assure a defendant's appearance and assure the safety of any other person and the community, the court must take into consideration information regarding: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm or narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g). In this case, each of the enumerated factors, as well as the heightened risk of nonappearance, weigh in favor of denying Defendant's request to grant him pretrial release. The court's considerations will be addressed in turn.

### A.     <u>**Nature and Circumstances of the Offense**</u>

As stated, Defendant is charged with two offenses related to his unlawful possession of a stolen handgun, namely with violations of 18 U.S.C. §§ 922(g) and 924(e) and 18 U.S.C. §§ 922(j) and 924(a)(2). (Doc. 1.) Specifically, as argued at the April 16, 2013 hearing, Defendant's charges arise from a series of events related to an individual, allegedly associated with Defendant, pointing the handgun at issue at the victim. The same handgun was subsequently found in Defendant's bedroom within his residence. It was further alleged that this handgun was determined to be stolen. Thus, this factor tends to support pretrial detention because the charged crimes involve a stolen firearm that was used in the commission of a crime.

## B.   The Weight of the Evidence

Defendant accurately argues a principle at the heart of criminal law jurisprudence: that he is presumed innocent until proven guilty. What Defendant fails to acknowledge is that the presumption of innocence does not preclude pretrial detention when it is clear that no combination of conditions can ensure his appearance or safety to the community in light of the weight of evidence he faces. Here, it is not contested that Defendant has multiple felony convictions that operate to prevent him from lawfully possessing a firearm. Furthermore, it does not appear contested that the gun was seized from Defendant's bedroom within his residence.[2] Accordingly, the weight of the evidence against Defendant favors the denial of his request for pretrial release.

## C.   The History and Characteristics of Defendant

Defendant has a significant criminal history, including several violent, and narcotics-related offenses, and is a registered sex offender.[3] Specifically, Defendant has been convicted of the following charges: (1) simple assault and disorderly conduct in 1994; (2) resisting arrest in 1994; (3) possession with intent to deliver in 1994; (4) simple possession in 1995; (5) receiving stolen property in 1998; (6) driving under the influence of alcohol or controlled substance in 1998; (7)

---

[2] While nothing in the record indicates Defendant concedes this point, at the hearing in response to the allegation that the firearm was found within his bedroom, Defendant argued that he had statements from other individuals that purport to claim ownership of the handgun. Without delving into the topic, the court notes that such evidence would not necessarily require an acquittal on the instant possessory charges. *See, e.g., United States v. Webster*, No. 12-3533, 2013 U.S. App. LEXIS 6092 (3d Cir. 2013) (affirming defendant's conviction because statement by defendant's father claiming ownership of the guns would not necessarily required an acquittal for defendant's felon in possession conviction).

[3] According to the pretrial services report, state officials reported that Defendant was last registered at an address other than his current address.

possession with intent to deliver in 2003; (8) possession with intent to deliver in 2003; (9) indecent exposure, incest, corruption of minors, and indecent assault in 2003; and 10) simple possession in 2012. Moreover, Defendant has pending charges in the Dauphin County Court of Common Pleas for receiving stolen property, simple possession, use/possession of drug paraphernalia, and persons not to own firearm, which presumably arise in connection with the instant offenses. Moreover, a period of not more than five years has elapsed since the date of Brown's prior conviction in January, 2012. Accordingly, Defendant's extensive, relatively recent, criminal history weighs in favor of denying his request for pretrial release.

### D. **Danger to the Community**

Defendant is a repeat offender and has a significant prior criminal history that includes crimes of violence. Defendant has demonstrated that he has been unwilling to abide by the law. Notably, the current charges arise out of his possession of a handgun that was used, at some point, to threaten another. Significantly, the maximum sentence applicable to the instant charges is life imprisonment. Defendant offered virtually no evidence to rebut the presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community."

### E. **Pretrial Release in State Court**

Lastly, in response to Defendant's argument that this court should grant him pretrial release because he was granted pretrial release by the Pennsylvania state court, the court reiterates that the state court's decisions do not bind this court to reach the same results. As explained during the hearing, this court is bound to consider the factors enumerated in 18 U.S.C. § 3142, a statute inapplicable to the

state court.  Presumably, the state court had reason to grant Defendant pretrial release.  This court's reasons for ordering detention are stated above.

**IV.**       **Conclusion**

For the foregoing reasons, and after a thorough review of the arguments presented by Defendant and the factors enumerated in Section 3142, the court concludes that no combination of pretrial release conditions will reasonably assure the safety of any other person and the community or will ensure the appearance of the Defendant.  Accordingly, the court will deny Defendant's motion to modify his pretrial detention.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  April 16, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 1:12-CR-0243-02** |
| **v.** | : | |
| | : | **JUDGE SYLVIA H. RAMBO** |
| **ELIJAH U. BROWN, JR.** | : | |

## **O R D E R**

In accordance with the accompanying memorandum of law and for the
reasons set forth on the record at the April 16, 2013 hearing, **IT IS HEREBY
ORDERED THAT** Defendant's motion to modify the pretrial detention order (Doc.
112) is **DENIED**.

s/Sylvia H. Rambo
United States District Judge

Dated: April 16, 2013.