IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:12-CR-00243-02 |
| | : | |
| v. | : | |
| | : | |
| **ELIJAH ULYSSES BROWN, JR.** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Presently before the court is Defendant's motion to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255 for ineffective assistance of counsel. For the reasons stated herein, the motion will be denied.

**I.     Background**

On September 26, 2012, a grand jury returned a two-count sealed Indictment charging Defendant Elijah Ulysses Brown, Jr. ("Defendant") with violations of 18 U.S.C. §§ 922(g), (j), and 924(e) in connection with his illegal possession of a stolen firearm. (*See* Doc. 1.) Defendant entered a plea of not guilty (Doc. 15) on October 1, 2012, and on October 4, 2012, the court appointed attorney Dean E. Reynosa to represent him. (Doc. 34.) Defendant was dissatisfied with Attorney Reynosa's representation, however, and requested via letter on three separate occasions between March 13, 2013 and April 10, 2013 (Docs. 89, 100, 116) for the removal of Attorney Reynosa from his case and for appointment of substitute counsel. The court denied Defendant's requests for substitute counsel (Docs. 108

& 117) and instead allowed him to proceed *pro se*. After yet another request for substitute counsel (*see* Doc. 118), the court appointed Attorney Robert J. Daniels, Jr. (Doc. 119).

In anticipation of trial, Defendant filed a motion to suppress the handgun that was recovered during a warrantless search as well as statements he made to police during the search. (Doc. 162.) A suppression hearing was held on April 24, 2014, and the court subsequently denied the motion, ruling that both the statement and gun were admissible for purposes of trial.

On May 2, 2014, Defendant entered into a plea agreement in which he agreed to plead guilty to a one-count Felony Information (Doc. 178), and the court accepted his guilty plea on May 14, 2014 (Doc. 190). The plea agreement provided Defendant the right to appeal any sentence in excess of 144 months. A sentencing hearing was held on November 24, 2014, and although the United States requested a 120-month term of imprisonment, the court found that Defendant was an Armed Career Criminal, placing the Advisory Guidelines range at 180-210 months. The court departed from the guidelines, however, and sentenced Defendant to a 150-month term of imprisonment. (*See* Doc. 209.) Defendant appealed both his sentence and the court's refusal to suppress evidence, and requested that new counsel be appointed to pursue his appeal. (*See* Docs. 211, 212, 214.) The Third

Circuit Court of Appeals affirmed this court's rulings as to both the suppression and sentence. (Docs. 251 & 254.)

On September 23, 2016, Defendant filed a motion to vacate his guilty plea and sentence pursuant to 28 U.S.C. § 2255 on the basis that his legal counsel was ineffective. (Doc. 265.) After some difficulty locating Defendant for service of the United States' opposition, the motion has been fully briefed (Docs. 265-1 & 270) and is now ripe for disposition.

## II. <u>Legal Standard</u>

A defendant in a criminal matter may challenge his conviction or sentence on the basis that his legal counsel was ineffective pursuant to 28 U.S.C. § 2255. In order to establish ineffective assistance of counsel, a defendant must prove both that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense to the degree that it deprived the defendant of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must assess the reasonableness of counsel's conduct on the facts of the particular case, and as of the time of counsel's conduct." *Taylor v. Horn*, 504 F.3d 416, 430 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 690). The defendant bears a heavy burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

3

have been different." *United States v. Delbridge*, 504 F. App'x 145, 151 (3d Cir. 2012) (quoting *Strickland*, 466 U.S. at 694).

### III. <u>Discussion</u>

In the instant motion to vacate his sentence, Defendant argues that his counsel was ineffective because he failed to properly prepare or investigate Defendant's case, or to advise Defendant regarding the penalties he faced as a result of his plea agreement, including possible classification as an Armed Career Criminal. Defendant further argues that the denial of his request to be represented by a third attorney amounted to a constructive denial of counsel. The court will address each argument in turn.

#### A. <u>Whether Counsel Properly Prepared and Investigated the Case</u>

As Defendant's second appointed counsel, Attorney Daniels filed a motion to suppress and conducted a corresponding hearing, which preserved the issue for Defendant on appeal. In addition, Attorney Daniels negotiated a more favorable plea agreement than what had been offered to Defendant's first appointed counsel, and included a conditional appeal waiver which permitted Defendant to appeal both the denial of his motion to suppress as well as any sentence in excess of 144 months.[1] Although Defendant now claims that Attorney Daniels should have called

---

[1] The right to appeal a sentence in excess of 144 months appears as a handwritten note on the plea agreement due to the agreement erroneously stating that Defendant's maximum possible

4

additional witnesses at the suppression hearing, nothing in Defendant's assertions demonstrate that Attorney Daniels acted unprofessionally or unreasonably, nor that the outcome of the suppression hearing would have been different had Attorney Daniels called additional witnesses. As the Supreme Court has stated, "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (citations omitted); *see also Strickland*, 466 U.S. at 690 (counsel is "strongly presumed" to make decisions in the exercise of professional judgment). Thus, the court finds that Attorney Daniels properly prepared and investigated Defendant's case, and therefore did not provide ineffective assistance of counsel on this basis.

### B. <u>Whether Counsel Properly Advised Defendant of Potential Penalties Resulting from his Guilty Plea</u>

Defendant's next argument is that Attorney Daniels promised Defendant that his maximum sentence would be 120 months, even if he were determined to be an Armed Career Criminal. Although, as noted above, the plea agreement did originally misstate the maximum sentence as 120 months, Defendant's assertion is belied by both the court's advisement to Defendant at his change of plea hearing that a 15-year mandatory minimum sentence would accompany a finding that he was an Armed Career Criminal as well as the handwritten notation on the plea

---

sentence was 120 months. In actuality, Defendant faced an Advisory Guideline sentence of 180-210 months.

agreement, initialed by Defendant, that he reserved the right to appeal any sentence in excess of 144 months. Simply stated, if the maximum possible sentence was 120 months, as Defendant claims, there would be no reason to maintain the right to appeal a sentence of more than 144 months.

The presentence report prepared in this matter, which the court adopted, found that the Advisory Guideline range applicable to Defendant was 180 to 210 months. Although Attorney Daniels objected to Defendant's classification as an Armed Career Criminal, his criminal history designated him as such. Nonetheless, the court departed from the guidelines and sentenced Defendant to 150 months incarceration. It is worth noting that Defendant's co-defendant in this case, who proceeded to trial, was found guilty by a jury and subsequently sentenced to 235 months in prison. As a result of Attorney Daniels' efforts in plea negotiations and at the sentencing hearing, Defendant received a sentence that is 85 months less than his co-defendant in this matter. Based on the record, the court finds that Attorney Daniels provided effective counsel to Defendant throughout this case.

### C. **Whether Defendant Was Constructively Denied Counsel**

Finally, Defendant argues in his brief that he requested to be represented by Attorney Gary Kelly one week before the scheduled start of his trial, and that the court's denial of that request constructively denied him the right to counsel of his choosing. A criminal defendant's right to the counsel of his choice "is not absolute

and must be balanced against the requirements of the fair and proper administration of justice." *United States v. Rankin*, 779 F.2d 956, 958 (3d Cir. 1986) (citing *Davis v. Stamler*, 650 F.2d 477 (3d Cir. 1981)). Thus, a court need not "honor a belated request made not in good faith but as a transparent ploy for delay." *Id.* (citing *Morris v. Slappy*, 461 U.S. 1, 13 (1983)). It appears clear to the court that Defendant's request for new counsel on the eve of trial was the latter, especially in light of the court's finding that Attorney Daniels provided more than adequate representation to Defendant. Accordingly, the court finds that Defendant was not constructively denied the right to counsel.

## IV. <u>Conclusion</u>

For the reasons stated herein, the court finds that Defendant was adequately represented by counsel and that no Sixth Amendment violation occurred. Defendant knowingly and voluntarily entered into a plea agreement and was sentenced below the Advisory Guideline range applicable to him. He cannot now claim that his counsel was ineffective simply because he is unhappy with the sentence imposed by the court.

An appropriate order will issue.

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: June 6, 2017